Filed 11/13/25  P. v. Arredondo CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>NORBERTO ARREDONDO, JR.,<br><br>  Defendant and Appellant. | B336153<br><br>(Los Angeles County<br>Super. Ct. No. KA102751) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Joan M. Chrostek, Judge.  Reversed with directions.

Justin Behravesh, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Attorney General, Lauren N. Guber, Deputy Attorney General, for Plaintiff and Respondent.

# INTRODUCTION

In 2015 a jury found Norberto Arredondo, Jr. guilty of arson, assault, dissuading a witness, and other crimes.  The trial court found that Arredondo had a prior felony conviction that was both a serious or violent felony within the meaning of the three strikes law and a serious felony within the meaning of Penal Code section 667, subdivision (a)(1),[1] and that he had served two prior prison terms, within the meaning of section 667.5, former subdivision (b).  The court ultimately sentenced Arredondo as a second strike offender to a prison term of 26 years six months, which included a five-year enhancement for the prior serious felony conviction and a one-year enhancement for having served a prior prison term.

In 2023 the superior court held a resentencing hearing under section 1172.75.  The court struck the prior prison term enhancement and resentenced Arredondo to a prison term of 25 years six months.  Arredondo argues the superior court abused its discretion in denying his requests under section 1385 to strike his prior serious or violent felony conviction and to dismiss his five-year serious felony enhancement.  Because the superior court applied an incorrect legal standard in deciding whether to dismiss the five-year enhancement, we reverse the judgment and direct the court to exercise its discretion whether to strike that enhancement and to resentence Arredondo.

---

[1]     Statutory references are to the Penal Code.

# FACTUAL AND PROCEDURAL BACKGROUND

A. *A Jury Convicts Arredondo on 11 Counts, and the Trial Court Sentences Him*

On July 5, 2013 Arredondo and his girlfriend, Elia D., were at his mother's house when Arredondo accused Elia of sleeping with someone else. When Elia tried to leave, Arredondo pushed her to the ground, pulled her hair, dragged her, hit her, and threw a stool at her, leaving bruises on her arms, leg, and head. After Elia got home, she heard Arredondo knocking on her window and saying, "Come out. I know you're in there." Elia did not respond.

In the following days Arredondo called Elia and her relatives and went to their homes. He sent Elia a text message saying that he was sorry and that they were "going to be together forever." He also sent Elia text messages threatening to kill her and her family. He wrote, "I don't care if you call the cops tonight, you fuckin' rat. I'm going to kill you."

A few weeks later Elia went to the home of Arredondo's mother to help clean the carpet. Arredondo became angry, and Elia ran into the bathroom. She tried to close the door, but Arredondo pushed it open. He threw her on the ground, pulled her hair, hit her, and choked her. Arredondo told Elia he would "chop [her] up into little pieces and take [her] to the desert and bury [her]." When she ran outside, he chased her with a knife. The police arrived and took Elia away, but she did not tell them what happened because Arredondo told her that he was "from the mafia" and that he and his "homies" would get her entire family.

On July 25, 2013 Arredondo sent Elia a text message stating, "When you get [home], you are going to see all the

3

firemen all over the place, bitch. . . . You fucked with the wrong homeboy." Arredondo drove up and down the street honking his horn. Elia left and spent the night at her cousin's house. On the night of July 26, 2013 Arrendondo sent Elia a text message saying, "Your daughter and you are going to be burned." Early the next morning Elia's daughter awoke and found her car was on fire. A neighbor saw Arredondo running from Elia's home with a red gas can. Police later found a red gas can nozzle on the passenger seat of Arredondo's car.

After Arredondo was arrested, he called Elia several times from jail. On August 8, 2013 the trial court issued a protective order prohibiting Arredondo from contacting Elia or her daughter. On September 20, 2013, while Elia was in the courthouse waiting to testify at Arredondo's preliminary hearing, Arredondo called her from jail and said he was going to "kill [her] whole family because [she] came to court." After the preliminary hearing, Arredondo continued to call Elia and threaten her. He said that she and her daughter were "next" and that her house was a "target." He stopped calling her in December 2013, but began calling her again in January 2014, calling her as many as 50 times a day.

In 2015 a jury convicted Arredondo of arson (§ 451, subd. (d); count 1), making a criminal threat (§ 422, subd. (a); counts 2, 7, 11), simple assault (§ 240; count 4), assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4); count 5), dissuading a witness from reporting a crime (§ 136.1, subd. (b)(1); count 6), dissuading a witness from testifying (§ 136.1, subd. (a)(2); count 8), dissuading a witness by force or threat from reporting a crime (§ 136.1, subd. (c)(1); count 9),

4

stalking (§ 646.9, subd. (b); count 10), and willful disobedience of a court order (§ 166, subd. (a)(4); count 12).[2]

Arredondo admitted he had a prior conviction for a felony that was a serious or violent felony, within the meaning of the three strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), and a serious felony, within the meaning of section 667, subdivision (a)(1).  Arredondo also admitted he had served two prior prison terms, within the meaning of section 667.5, former subdivision (b).

The trial court sentenced Arredondo on his conviction for dissuading a witness by force or threat from reporting a crime (count 9) to a prison term of 15 years, consisting of the upper term of four years, doubled under the three strikes law, plus five years for the serious felony enhancement and two years for the two prior prison term enhancements.  The court sentenced Arredondo to one year four months on each of his convictions for arson, making a criminal threat, and dissuading a witness (counts 1, 2, 6, 7, 8 and 11) (one-third of the middle term of two years, doubled) and two years on each of his convictions for assault by means of force likely to produce great bodily injury and stalking (counts 5 and 10) (one-third the middle term of three years, doubled), for a total of 12 years.  The court also sentenced Arredondo to six months in county jail on his conviction for simple assault (count 4) and one year in county jail on his conviction for willful disobedience of a court order (count 12), for a total sentence of 28 years six months.

Arredondo appealed.  We struck one of the prior prison term enhancements, instructed the trial court to stay (under

_____

[2]	The trial court dismissed count 3 during trial.

5

section 654) execution of the sentence on Arredondo's conviction for violating a court order, and otherwise affirmed the judgment. (*People v. Arredondo* (Feb. 15, 2017, B263217) [nonpub. opn.].) On remand the trial court imposed a modified sentence of 26 years six months.

B.    *The Superior Court Resentences Arredondo Under Section 1172.75*

In 2021 the Legislature declared legally invalid prior prison term enhancements imposed under section 667.5, former subdivision (b), before January 1, 2020, except those arising from convictions for sexually violent offenses. The Legislature enacted section 1172.75, which provided a procedure for resentencing inmates serving terms that included the now-invalid enhancements. (§ 1172.75, subd. (a).)

In 2022 the Department of Corrections and Rehabilitation notified the superior court that Arredondo was potentially eligible for resentencing under section 1172.75. Arredondo filed a brief asking the court to strike the prior prison term enhancement, strike his prior serious or violent felony conviction under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, dismiss his serious felony enhancement under section 1385, subdivision (c), and reduce his sentence on count 9 from the upper term to the middle term. Arredondo argued he had "completely changed his life and his behavior while in custody." He stated he had "disavowed any gang association"; completed self-improvement programs, including criminal and gang members anonymous and anger management; and consistently attended school. Arredondo submitted positive evaluations from his work supervisors in prison and post-release employment

offers.  He stated he had reduced his prison classification score from 68 to 22.  Arredondo also stated that he was 60 years old and that he suffered from depression and physical ailments.  The People agreed the court should strike the prior prison term enhancement, but opposed any further reduction in Arredondo's sentence.  The People argued Arredondo had a history of convictions for "assaultive behavior," committed crimes while on probation and parole, had three serious rules violations in prison, and was denied parole three times.

The superior court struck the now-invalid prior prison term enhancement, but found it was "not in the interest of justice to reduce the sentence further."  The court stated that Arredondo "had a criminal history of increasing seriousness," that he "terrorized the victim," that the parole board found he posed "an unreasonable risk of significant criminal activity," and that in 2017 he threatened to murder a person's family if that person did not return money to Arredondo's mother.  The court resentenced Arredondo to a prison term of 25 years six months.  Arredondo timely appealed.

## DISCUSSION

A.    *Section 1172.75*

Section 1172.75, subdivision (a), states:  "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid."  (See *People v. Rhodius* (2025) 17 Cal.5th 1050, 1054; *People v. Grajeda* (2025) 111 Cal.App.5th 829, 835-836.)  Section 1172.75, subdivision (b), requires the

7

Department to identify individuals serving terms that include no-longer-valid enhancements.

After the superior court verifies a judgment includes an invalid enhancement, the court must "recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).) Section 1172.75, subdivision (d)(2), provides the court must "apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." "''By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements.'''" (*People v. Dixon* (2025) 112 Cal.App.5th 236, 243, review granted Oct. 22, 2025, S292223.) "The court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (§ 1172.75, subd. (d)(3).)

We review a trial court's sentencing decisions in a section 1172.75 resentencing proceeding for abuse of discretion. (*People v. Moseley* (2024) 105 Cal.App.5th 870, 874; *People v. Garcia* (2024) 101 Cal.App.5th 848, 855-856.) But in "reviewing matters of statutory interpretation . . . we review the trial court's decision de novo." (*People v. Gonzalez* (2024) 107 Cal.App.5th 312, 323; see *People v. Braden* (2023) 14 Cal.5th 791, 804 ["'The

interpretation of a statute presents a question of law that this court reviews de novo.'"].)

B.   *The Superior Court Did Not Abuse Its Discretion in Denying Arredondo's Request To Dismiss His Serious or Violent Felony Conviction*

Arredondo argues the superior court abused its discretion in denying his request to dismiss his prior serious or violent felony conviction.  The court did not abuse its discretion.

1.   *Applicable Law and Standard of Review*

The trial court has discretion under section 1385, subdivision (a), to dismiss in furtherance of justice "allegations or findings that a defendant has previously been convicted of a serious and/or violent felony that would otherwise count as a 'strike' under the 'Three Strikes' law."  (*People v. Dain* (2025) 18 Cal.5th 246, 252; see *People v. Superior Court (Romero)*, *supra*, 13 Cal.4th at pp. 529-530.)  "In deciding whether to exercise its discretion to dismiss a prior strike conviction in the interests of justice, a trial court 'must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the [sentencing] scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies.'"  (*People v. Nunez* (2023) 97 Cal.App.5th 362, 370-371; see *People v. Rogers* (2025) 108 Cal.App.5th 340, 358; *People v. Williams* (1998) 17 Cal.4th 148, 161.)

9

"[T]he three strikes law not only establishes a sentencing norm, it carefully circumscribes the trial court's power to depart from this norm and requires the court to explicitly justify its decision to do so.  In doing so, the law creates a strong presumption that any sentence that conforms to these sentencing norms is both rational and proper."  (*People v. Carmony* (2004) 33 Cal.4th 367, 378; see *People v. Rogers, supra*, 108 Cal.App.5th at p. 358; *People v. Avila* (2020) 57 Cal.App.5th 1134, 1140.)  "We review a trial court's ruling on a *Romero* motion under the deferential abuse of discretion standard, which requires the defendant to show that the sentencing decision was irrational or arbitrary."  (*Avila,* at p. 1140; see *Carmony,* at p. 375.)

### 2. *The Superior Court Did Not Abuse Its Discretion*

Arredondo fell well within the spirit of the three strikes law.  His current convictions included felonies that were both serious (arson, intimidating a witness, and making a criminal threat; see § 1192.7, subd. (c)(14), (37) & (38)) and violent (arson; see § 667.5, subd. (c)(10)).  And his current crimes were only the latest in a pattern of domestic-violence-related offenses over the previous two decades.  In 1994 Arredondo was charged with domestic violence (§ 273.5, subd. (a)) and pleaded guilty to misdemeanor battery (§ 242).  In 1995 he was convicted of misdemeanor domestic violence (§ 273.5, subd. (a)).  In 1996 he was convicted of domestic violence (§ 273.5, subd. (a)) and stalking (§ 646.9, subd. (b)), initially placed on probation for three years, but in 1998 had his probation revoked and was sentenced to three years in prison after a new domestic violence conviction (§ 273.5, subd. (a)).  In January 2000 Arredondo was released on

10

parole and remained out of custody until 2004, when he was arrested for assault with a deadly weapon (§ 245, subd. (a)(1)). In 2005 he was convicted of assault with a deadly weapon (the serious or violent felony conviction) and sentenced to eight years in prison. In February 2011 Arredondo was released on parole and in July 2013 he committed the current crimes.

Arredondo's lengthy history of committing similar offenses—including while on probation or parole—"'reveals that [he] had been taught, through the application of formal sanction, that [such] criminal conduct was unacceptable—but had failed or refused to learn his lesson.'" (*People v. Williams*, *supra*, 17 Cal.4th at p. 163; see *People v. Mendoza* (2022) 74 Cal.App.5th 843, 857 [trial court did not abuse its discretion in concluding "a career criminal who is unable to remain out of prison for more than a few years at a time" fell within the spirit of the three strikes law]; *People v. Eribarne* (2004) 124 Cal.App.4th 1463, 1469 [trial court did not abuse its discretion in concluding a defendant who "in the preceding 20 years . . . had been continuously in trouble with the law except for a brief period of about three years" was within the spirit of the three strikes law]; *People v. Philpot* (2004) 122 Cal.App.4th 893, 906, 907 [trial court did not abuse its discretion in concluding a "flagrant recidivist" who "consistently committed criminal offenses for the past 20 years" was "not outside the spirit of the three strikes law"].) The three strikes law was made for defendants like Arredondo.

Arredondo argues his 2005 serious or violent felony conviction was "remote" because it occurred 18 years before his resentencing hearing. However, the "remoteness of a prior conviction, 'by itself, cannot be a basis for dismissing a prior strike conviction.'" (*People v. Dowdy* (2024) 107 Cal.App.5th 1,

11

12; see § 667, subd. (c)(3) ["the length of time between the prior serious or violent felony conviction and the current felony conviction shall not affect the imposition of sentence"].) Moreover, Arredondo spent all but two and a half of those 18 years in prison, with little opportunity to commit new crimes (outside of prison).  (See *People v. Beasley* (2022) 81 Cal.App.5th 495, 501 ["'In analyzing whether a defendant's prior criminal conduct was "remote," a trial court should consider whether the defendant "was incarcerated a substantial part of the intervening time and thus had little or no opportunity to commit" additional crimes.'"]; *People v. Vasquez* (2021) 72 Cal.App.5th 374, 390 [same].)  And though Arredondo was not convicted of any crimes while incarcerated, he had three rules violations, including one in 2017 for threatening to murder the family of a person who allegedly swindled Arredondo's mother out of money.

Arredondo also argues his age (now 62), depression, and physical ailments "diminish his ability for future violence."  But advancing "age, considered alone, does not remove a defendant from the spirit of the Three Strikes law."  (*People v. Vasquez, supra*, 72 Cal.App.5th at p. 391; see *People v. Strong* (2001) 87 Cal.App.4th 328, 345, disapproved on another ground in *People v. Dain, supra,* 18 Cal.5th 246 at p. 265, fn. 5.)

Arredondo also argues that he "has taken significant steps toward rehabilitation while in prison," that he "is not the same person who was convicted back in 2015," and that he "has numerous job opportunities if he were to be released." Arredondo's disavowal of gang ties, completion of classes, favorable reviews from supervisors, and possibility of future employment were relevant factors in the superior court's assessment of Arredondo's "background, character, and

prospects." (*People v. Rogers, supra,* 108 Cal.App.5th at p. 358.) Arredondo, however, does not argue the superior court failed to consider these factors. (See *People v. Giminez* (1975) 14 Cal.3d 68, 72 ["a trial court should be presumed to have acted to achieve legitimate sentencing objectives," and its discretionary sentencing determinations "ought not be set aside on review"]; *People v. Brugman* (2021) 62 Cal.App.5th 608, 637 [sentencing court "is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary"].) In light of Arredondo's extensive criminal history and his rules violations in prison, the superior court did not abuse its discretion in concluding Arredondo was within the spirit of the three strikes law. (See *Brugman,* at p. 637 ["Only in 'an extraordinary case— where the relevant factors . . . manifestly support the striking of a prior conviction and no reasonable minds could differ'[—]would 'the failure to strike . . . constitute an abuse of discretion.'"].)

      C.     *The Superior Court Erred in Denying Arredondo's Request To Dismiss His Serious Felony Enhancement*

Arredondo argues the superior court abused its discretion in refusing to dismiss his prior serious felony enhancement under section 667, subdivision (a)(1). He contends that the prior conviction was remote and that he has made "sustained and good faith efforts toward rehabilitation" while in prison. We conclude the superior court erred by applying an incorrect legal standard in denying Arredondo's request to dismiss the enhancement.

      1.     *Applicable Law and Standard of Review*

Section 1385, subdivision (c)(1), provides "the court shall dismiss an enhancement if it is in the furtherance of justice to do

13

so."  Section 1385, subdivision (c)(2), provides that, in exercising its discretion under subdivision (c), the court must consider and "afford great weight to evidence offered by the defendant to prove" any of nine listed mitigating factors (see § 1385, subd. (c)(2)(A)-(I)), "unless the court finds that dismissal of the enhancement would endanger public safety" (§ 1385, subd. (c)(2)). Those mitigating factors include that the "enhancement is based on a prior conviction that is over five years old."  (§ 1385, subd. (c)(2)(H).)

In deciding whether to dismiss an enhancement under section 1385, subdivision (c), the superior court must first consider whether dismissing an enhancement "would endanger public safety."  (*People v. Walker* (2024) 16 Cal.5th 1024, 1038; see § 1385, subd. (c)(2).)  If so, the court may deny a request to dismiss an enhancement.  (*Walker*, at p. 1033.)  If the court does not find dismissing an enhancement would endanger public safety, the court must consider whether the defendant has presented evidence of one or more of the mitigating factors listed in section 1385, subdivision (c)(2).  (*Walker*, at p. 1038.)  If so, the court must engage "'in a holistic balancing with *special emphasis* on the [nine] enumerated mitigating factors'" and must dismiss the enhancement unless the court finds "substantial, credible evidence of countervailing factors that 'may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice.'"  (*Id.* at p. 1036.)  "Stated simply, if the court does not conclude that dismissal would endanger public safety, then mitigating circumstances strongly favor dismissing the enhancement."  (*Ibid.*)

14

We review the superior court's order denying a request to dismiss an enhancement under section 1385 for abuse of discretion.  (*People v. Mendoza* (2023) 88 Cal.App.5th 287, 298.) The superior court abuses its discretion if it considers impermissible factors or applies an incorrect legal standard. (*People v. Gonzalez* (2024) 103 Cal.App.5th 215, 225; see *People v. Knoller* (2007) 41 Cal.4th 139, 156.)  Because a defendant is "entitled to sentencing decisions made through the exercise of informed discretion," a "court acting while unaware of the full scope of its discretion is deemed to have abused it."  (*People v. McDavid* (2024) 15 Cal.5th 1015, 1023; see *People v. Salazar* (2023) 15 Cal.5th 416, 424.)

2.     *The Superior Court Applied an Incorrect Legal Standard*

Without the benefit of the Supreme Court's opinion in *People v. Walker*, *supra*, 16 Cal.5th 1024, which was decided eight months after the superior court resentenced Arredondo, the superior court did not apply the correct legal standard.  The superior court did not find dismissing the enhancement—which would reduce Arredondo's sentence by five years—would endanger public safety.  Nor did the court mention the enumerated mitigating circumstance Arredondo raised in his resentencing brief—that the enhancement was based on a prior conviction that was more than five years old—much less give it "great weight" in deciding whether to dismiss the enhancement. (See § 1385, subd. (c)(2)(H).)  After the superior court stated it would strike the one-year enhancement under section 667.5, former subdivision (b), but not reduce the sentence further, counsel for Arredondo asked the court whether it would strike the

15

"five-year prior" (i.e., the five-year enhancement under section 667, subdivision (a)(1)) or the "strike prior" (i.e., the serious or violent felony conviction under the three strikes law).[3] The court responded: "No. The court is going to leave those intact. The lower court found them to be true and this court defers to the trial court."

Section 1172.75 required the superior court to conduct a full resentencing, not simply to defer to the trial court's 2015 sentencing decision. By deferring to the trial court on whether to strike the serious felony conviction enhancement, the superior court ignored section 1172.75's mandate to apply "changes in law that reduce sentences or provide for judicial

---

[3] Counsel for Arredondo argued the court should dismiss an enhancement because there were "two or more alleged." (See § 1385, subd. (c)(2)(B) ["all enhancements beyond a single enhancement shall be dismissed"].) But after the court struck the invalid prior prison term enhancement, only a single enhancement remained: the five-year enhancement for the prior serious felony conviction under section 667, subdivision (a)(1). The prior serious or violent felony conviction (the "strike prior") was not an enhancement. (See *People v. Burke* (2023) 89 Cal.App.5th 237, 243 ["the Three Strikes law is not an enhancement; it is an alternative sentencing scheme for the current offense"].) "Section 1385(c) does not apply to a decision whether to dismiss a strike because the subdivision 'applies only to an "enhancement," and the Three Strikes law is not an enhancement.'" (*People v. Dain* (2025) 115 Cal.App.5th 235, 247; see *People v. Dowdy*, *supra*, 107 Cal.App.5th at p. 9 ["section 1385, subdivision (c) applies by its terms to a sentence 'enhancement,' but not to a sentence derived from the alternative sentencing scheme of the Three Strikes law"]; *People v. Olay* (2023) 98 Cal.App.5th 60, 62 ["[T]he term 'enhancement' in section 1385, subdivision (c) does not include prior strikes."].)

discretion." (§ 1172.75, subd. (d)(2).)  In 2015 the trial court had to impose the five-year prior serious felony enhancement under section 667, subdivision (a)(1), but effective 2019, Senate Bill No. 1393 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1013, § 1), gave trial courts discretion to strike that enhancement under section 1385.  (See *People v. Morelos* (2022) 13 Cal.5th 722, 769; *People v. Rogers*, *supra*, 108 Cal.App.5th at p. 349.)  By deferring to the trial court's imposition of the enhancement, the superior court deprived Arredondo of the benefit of a change in law.  (See *People v. Carter* (2023) 97 Cal.App.5th 960, 968 ["simply striking the one-year enhancement imposed under the repealed portion of former section 667.5, subdivision (b)," deprived the defendant "of his right to full resentencing under the changes in the law"]; *People v. Coddington* (2023) 96 Cal.App.5th 562, 567 [court erred by failing "to provide [the defendant] with a full resentencing hearing, meaning a hearing in which he could have sought further sentencing relief under at least two other statutes that were enacted after his conviction"].)  In addition, section 1172.75, subdivision (d)(3), authorized the superior court to consider postconviction factors, such as Arredondo's disciplinary record and rehabilitation while in prison, his age, and his physical condition—factors not available to the trial court in 2015.  (See *Rogers*, at p. 361 [section 1172.75, subdivision (d)(3), "promotes an examination of information and circumstances that did not exist at the time of the original sentencing which, in turn, evinces an intent that the resentencing court must sentence anew under present circumstances"].)

The People do not contend that the superior court found dismissing the enhancement would endanger public safety or that the court gave great weight to the fact the enhancement was

based on a conviction more than five years old, a mitigating circumstance the People concede applies here.  Instead, the People argue "the record here is replete with 'substantial, credible evidence' justifying the lower court's finding that dismissal of the enhancement would not be in the interests of justice."  Perhaps, but the record does not show that, after engaging in "holistic balancing," the superior court found that evidence neutralized the great weight of the mitigating circumstance.  (See *People v. Walker*, *supra*, 16 Cal.5th at p. 1036.)  Thus, the superior court applied an incorrect legal standard in denying Arredondo's request to dismiss the enhancement.

Finally, the superior court's error was prejudicial because the record does not "clearly indicate" the court would have reached the same conclusion had it applied the correct legal standard.  (See *People v. Salazar*, *supra*, 15 Cal.5th at p. 424 [where the trial court fails to exercise """"informed discretion,"""" the """"appropriate remedy is to remand for resentencing unless the record "clearly indicate[s]" that the trial court would have reached the same conclusion "even if it had been aware that it had such discretion""""]; *People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391 [same]; *People v. Monroe* (2022) 85 Cal.App.5th 393, 402 [remand was required where the defendant "was entitled to, but did not receive, a full resentencing under the terms of section 1172.75, including the application of 'any other changes in law that reduce sentences or provide for judicial discretion'"].)

Therefore, on remand, the superior court should consider whether dismissing the prior serious felony enhancement and reducing Arredondo's sentence from 25 years six months to 20 years six months would endanger public safety.  (See *People v.*

18

*Gonzalez, supra*, 103 Cal.App.5th at pp. 230-231 [in assessing whether dismissing an enhancement "would 'endanger public safety,'" the trial court should have considered "the date on which [the defendant] could be released if the . . . enhancement was dismissed," not only whether the defendant "*currently* posed a danger to the public"].)  If the court does not make that finding, it should dismiss the enhancement, unless it finds substantial, credible evidence of countervailing factors that neutralize the great weight of any applicable mitigating circumstance enumerated in section 1385, subdivision (c)(2), including that the enhancement was based on a prior conviction that was more than five years old.

## DISPOSITION

The judgment is reversed.  The sentence is vacated and the superior court is directed to resentence Arredondo in accordance with section 1172.75 and *People v. Walker, supra*, 16 Cal.5th 1024.

SEGAL, Acting P. J.

We concur:

FEUER, J.                    STONE, J.

19